
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67646-6-I |
| | ) | Consolidated w/No. 69150-3-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| KIRK L. WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: MAY 2 8 2013 |

PER CURIAM — Kirk Williams appeals his conviction for second degree rape. He contends the jury instructions impermissibly shifted the burden of proof by requiring him to prove that the charged act was consensual. He concedes this contention is at odds with State v. Camara, 113 Wn.2d 631, 781 P.2d 483 (1989), but argues that Camara rests on a flawed reading of the United States Supreme Court precedent. Our Supreme Court rejected a similar challenge to Camara in State v. Gregory, 158 Wn.2d 759, 801–04, 147 P.3d 1201 (2006). Gregory and Camara control Williams' contention here. In any event, it appears Williams proposed the instruction challenged on appeal and therefore review is barred by the invited error doctrine. State v. Studd, 137 Wn.2d 533, 973 P.2d 1049 (1999).

In a pro se statement of additional grounds for review, Williams contends he is "unable to meanin[g]fully participate in my appeal under [RAP] 10.10" because he

has not obtained portions of the record. Having reviewed the record, we conclude Williams received an adequate record and ample opportunity to file a statement of additional grounds for review.

In August 2011, the trial court entered an order of indigency authorizing an appeal at public expense. The order stated that Williams would receive portions of the verbatim report of proceedings reasonably necessary for review, a copy of the clerk's papers, and preparation and reproduction of documents on appeal.

On May 10, 2012, this court granted Williams an extension of time to file his statement of additional grounds for review to June 25, 2012.

According to Williams' counsel on appeal, Williams received a complete copy of the verbatim report of proceedings on May 10, 2012. Counsel also alleged that he provided Williams with portions of the Clerk's papers and superior court file that he had specifically requested.

On June 11, 2012, Williams requested an extension of time to file his pro se brief "[b]ecause I'm preparing it by hand because there are no type[ ]writers and plus I really don't understand the law to[o] well so need time for that also . . . ." Mot. for ext. of time (6/7/12) at 2.

On June 19, 2012, this court granted Williams a second extension of time from June 25, 2012, to August 15, 2012, and warned that there would be no further extensions.

On June 20, 2012, Williams requested an extension of time to August 31, 2012, because he had not received some clerk's papers, he might need discovery

2

materials, and he was waiting for a response to a public records request. This court informed Williams that an extension had been granted the previous day to August 15, 2012 and that there would be no further extensions.

On July 30, 2012, Williams again moved for an extension of time, this time requesting 90 days. He stated that he had just requested transcription of voir dire and that his counsel indicated preparation of the transcript could take two to three months. He also stated that he had requested, but not yet received, additional clerk's papers.

On August 20, 2012, Williams filed his statement of additional grounds, arguing that he did not have a sufficient record and requesting that the process "be continued until I am provided a trial court record of sufficient completeness. . . ." Statement of Additional Grounds at 5.

On August 23, 2012, this court granted Williams a five-day extension to August 20, 2012 and accepted his statement of additional grounds.

Despite receiving a trial transcript in May 2012, all but a few "additional" clerk's papers, and four extensions of time, Williams failed to raise any substantive arguments in his pro se statement of additional grounds for review. Nor did he move to modify the Clerk's rulings denying him further extensions of time. Under the circumstances, we conclude that Williams received an adequate record for review

3

No. 68252-1-I/4
(consol. with No. 69150-3-I)

and we decline his request to continue the appeal proceedings again. Williams must

raise these claims in a personal restraint petition.

Affirmed.

FOR THE COURT:

_Schindler, J_

_Leach, J._

_Spearman, A.C.J._

4